■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD CHARLES ROBERTS, Respondent.—Appeal from an order of the County Court of Chemung County, entered June 2, 1975, which granted defendant's motion to suppress certain evidence. The sole issue presented on this appeal is the validity of the warrantless search of defendant and a vehicle being operated by him. The facts are not in dispute. At the suppression hearing a local police officer testified that at approximately 1:50 P.M. on February 26, 1974, while at home, he received a telephone call from a confidential informant who stated that defendant would be traveling through the Village of Horseheads along Route 17 at about 3:00 P.M.; the informant described defendant and the vehicle he would be operating and stated that defendant would have in his possession a quantity of marijuana and mescaline. The officer also testified that he thereafter contacted a member of the State Police and the two officers met in the local police station about 2:20 P.M.; that after discussing the matter they drove to Route 17, arriving about 2:45 P.M.; and that the defendant came upon the scene at about 3:00 P.M. The State Police Officer testified that the vehicle was stopped, the occupants, including defendant, and the vehicle searched and certain drugs were found in the defendant's possession and in his vehicle. County Court granted defendant's motion to suppress. This appeal ensued. At the oral argument on this appeal defendant conceded that there was probable cause for the search. He maintains, however, that the exigent circumstances did not justify dispensing with a search warrant. He argues that there were two Village Justices available in the area; that the two officers talked some 30 minutes before leaving headquarters and still arrived at the scene 15 minutes before defendant; and that, consequently, there was ample time to procure a search warrant. We are not persuaded by defendant's argument. It is based on hindsight and with the advantage of the facts as they actually developed. The officers, on the other hand, who were getting ready to locate the defendant had no such advantage. They had only a little over an hour from the time the call was received until the time the defendant was expected to arrive on the scene. They had no way of knowing how much time would be consumed in getting the informant and the proof before the Judge. Furthermore, they were not certain just what time the defendant would be traveling through the village. Considering all the facts, we are of the opinion that the exigent circumstances justified the warrantless search, and the order of the County Court must be reversed. Order reversed, on the

law and the facts, and motion denied. Herlihy, P. J., Greenblott, Sweeney, Koreman and Reynolds, JJ., concur.